United States Courts
Southern District of Texas
FILED

DEC 18 2023

AO 241 (Rev. 09/17)

Nathan Ochsner, Clerk of Court

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: *GAlveston DiviSioN* | |
|---|---|---|
| Name (under which you were convicted): *VictoR VelA* | | Docket or Case No.: |
| Place of Confinement : *RAmsey Unit I 1100 FM 655 RoshaRoN, Tx 77583* | Prisoner No.: *2411314* | |
| Petitioner (include the name under which you were convicted) *VictoR VelA* | v. | Respondent (authorized person having custody of petitioner) *Bobby LumpkiN* |
| The Attorney General of the State of: *TexAs* | | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    *461ct DistRict CourT of BRAZORiA CouNty, TexAs*

    (b) Criminal docket or case number (if you know): *NO.92719-CR-A*

2.  (a) Date of the judgment of conviction (if you know): *2-9-2023*

    (b) Date of sentencing: *8-18-22*

3.  Length of sentence: *20 yR's Agg.*

4.  In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case: *20 Agg. yeaRs*

    *My I.Q. is Low 75 oR 77 See Exhibits*

6.  (a) What was your plea? (Check one)

    ☐ (1)  Not guilty          ☐ (3)  Nolo contendere (no contest)

    ☑ (2)  Guilty              ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? *Aggravated Sexual of A Child.*

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: *See Exhibits I-Ia-up to 9, 41 pages of Exhibits*

(b) Docket or case number (if you know): *NO-01-22-00732-CR*

(c) Result: *I did Not understand*

(d) Date of result (if you know): *2-21-23*

(e) Citation to the case (if you know):

(f) Grounds raised: *Attorney C Respin Michael Linton did Motion for New Trial And Filed Appeal. He seen Judge State District Attorney's And Appointed, Attorney Caldwell All from Brazoria County (Not Linton) I feel Mr Linton was a fair man*

_____

_____

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court: *Court of Criminal Appeals at Austin, Tex*

(2) Docket or case number (if you know): _____

(3) Result: _____

_____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: *Court of Criminal Appeals in Austin, Tx*

(2) Docket or case number (if you know): *All in 461st District Court*

(3) Date of filing (if you know): *August 28, 2023*

(4) Nature of the proceeding: *Habeas Corpus*

(5) Grounds raised: *See Exhibits I - IA I-2 up to 9 Exhibits All papers From Mr Linton And Courts of Appeals. The Court of 461st District Court Appointed Mr. Linton As Appeal Attorney Linton Had Hearing for Motion to New Trial And Appeal ; But Court of Appeal Say NO Can Appeal, But Linton he SAY I CAN APPEAL Against Caldwell ineffective Assh of Counsel.*

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: *The Court of Appeal Said I can NOT Appeal*

AO 241 (Rev. 09/17)

(8) Date of result (if you know): *See Exhibit's Throwed Out*

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: *See Please All Exhibits I- IA J2 all up to 9 Exhibits I do Not Know Much More of what they say All these Exhibit papers, I ask other inmates to help me Read them, But I feel Shame, Until the Guy's see the papers of MR Lintons.*

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result: *All Denied*

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _Denied_

(8) Date of result (if you know): _Denied_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_Mr. Linton done All this work on Appeal on Motion for New trial Big Court of Appeal Says No! Not Allowed_

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** _I have I.Q. of 75 or 77 for My Doctor in Prison hesay below intelligence he say, I was Denied the Right to A Effective Counsel_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Mr. Caldwell Call No witness to talk for me, He did not even talk to the witnesses the State put on Stand. State investigator Frances Vargas seen Broken Down Coke machine i State Bring witnesses But Caldwell did not Ask Questions from them, He Caldwell did not Bring witnesses for Me See Exhibits before Trial All give statements to Caldwell And they take Stand in Court But Caldwell Say Nothing to them (See Attached)_

(b) If you did not exhaust your state remedies on Ground One, explain why: _I did exhaust i_

_Not one Time did Attorney Caldwell Cross examine the Witnesses of the State; Not one time Did he Call A witness for me See Exhibits 3,4,5,6 they were all Ready to testify for Me, "In Fact the State Called these people for the State" they were Not Asked Any thing from Caldwell he Never Got Out his Chair during the whole time he was in Court; Until Attorney Linton Questioned Caldwell_

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: Attorney Linton Filed Appeal And for Motion for New Trial Linton File Ineffective Asst. of Counsel on Attorney Caldwell

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: 461st District Court Braz oria Count Tex. And in Court of Criminal Appeals - in Austin Tx

Docket or case number (if you know): NO 92719 CR - NO-01-22-00732-CR

Date of the court's decision: February 9, 2023

Result (attach a copy of the court's opinion or order, if available): Attached to this Federal Writ 2254

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: NO-01-22.00732-CR In the Court of Appeal for the First Supreme Judicial District

Docket or case number (if you know): of Texas at Houston Attached to

Date of the court's decision: this Federal Writ of 2254

Result (attach a copy of the court's opinion or order, if available): Attached to this 2254-41 Exhibits of All Actions that Mr. Linton Seen and what I could Find.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

None in Closed

None in Closed

None in Closed

None in Closed

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: *Appeal, State Habeas Corpus All enclosed*
*As Exhibit I-Ia-I2-Exhibit 3 Exhibit 4 Exhibit 5-Exhibit 6 Exhibit 7.*
*Exhibit 8 And Exhibit 9*

**GROUND TWO:** *The State Committed Perjury in order to Con-*
*vict Me to prison when Attorney For stated Stated—That the Coke Mach-*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*-ine was in working order; when He placed the Child on the witness stand. This*
*Child was lead by the State Asking the Child "Didnt this Coke Machine have Cokes*
*in it Yes said the Child- Didnt it have water- Yes said the Child. And was.*
*it All Cold when you went Around there- yes said the Child. The Invest*
*igator for the State Frances Vargas Could NOT Find or See A up and Run-*
*Ning Coke Machine when she investigated the Place where They say*
*this Crime was Committed. Nor did they Have Pictures of this Coke*
*Machine it was Perjury*

(b) If you did not exhaust your state remedies on Ground Two, explain why: *I Did Exhaust*

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: *It is there: Attorney Lin-*
*ton Filed a motion For New Trial And He File an Appeal Judge*
*of 461st District Court Appointed Linton As My Attorney*

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *Habeas Corpus in 461st D. Court*

Name and location of the court where the motion or petition was filed: *And Filed it*
*in the Court of Criminal Appeals in*
*Austin See Exhibit Ia-I2 in Houston 1st Appeal Court*

Docket or case number (if you know): *NO. 01-22-00732-CR*

AO 241 (Rev. 09/17)

Date of the court's decision: _MARCH 7, 2023_

Result (attach a copy of the court's opinion or order, if available): _EnClosed Exhibit I_
_Exhibit I-A  Exhibit 2-A_

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _MAdc Also Ineffective Asst. of_
_CounseL: See Exhibits IA And 2A_

Docket or case number (if you know): _NO. 01 2200732 - C R_

Date of the court's decision: _MArch 7, 2023_

Result (attach a copy of the court's opinion or order, if available): _enClosed_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_I did Raise this issue: Attorney Crespin Michael Linton did_
_See A Picture of the Old Broken down Coke machine; And Threw_
_it at the table of the State and where Coldwell were sitting to_
_show they Committed Perjury in State Court;_

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two: _Habeas Corpus And Please See_
_Page 2 of Appellant's Motion FOR Reinstatement of Appeal_

**GROUND THREE:** _The Trial Judge of the 46lst District Court was_
_Not Fair but was Very Bias and Prejuice Against Petitioner Vela_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Judge of this 46lst Court Seen How Attorney Coldwell Put NO_
_Witnesses on the Stand for Petitioner; Judge seen How Coldwell Did_
_Not even Cross exam the Witnesses for the State; The Judge is to be_
_there to MAke Sure that A trial is Fair And to see that Justice is done._
_The Judge even took Advice from Attorney Coldwell see p2 of Appeal_

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _The Judge Asked ARe you sure_
_Attorney Caldwell; Caldwell Yes Sir The Petitioner signed Away his Right when_
_He took the 20yes(Page 3 of Opinion of Memorandum of Opinion)"Yes Judge_
_Vela Wave All Pretrial, Punishment, Even for the Entire Trial!_

(c)  **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes     ☐ No

   (2) If you did not raise this issue in your direct appeal, explain why: _____

   _____

(d)  **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
   ☑ Yes     ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: _Habeas Corpus_

   Name and location of the court where the motion or petition was filed: _Court of Criminal Appeals in_
   _Austin Tex, And in 461st Discuit Court of Brezouia County, Tex._

   Docket or case number (if you know): _See Exhibit 9_

   Date of the court's decision: _Post Conviction Habeas Corpus_

   Result (attach a copy of the court's opinion or order, if available): _pages 23, 44, 50, 52, 55,_
   _56, 57, 60, 61, 62, 70, 75._

   (3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☑ No

   (4) Did you appeal from the denial of your motion or petition?     ☑ Yes     ☐ No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☑ Yes     ☐ No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: _Enclosed Exhibit I Exhibit IA_
   _AND Exhibit 2A_

   Docket or case number (if you know): _NO01-22-00732-CR_

   Date of the court's decision: _March 7, 2023_

   Result (attach a copy of the court's opinion or order, if available): _enclosed Please See_
   _Ground of #3 in Habeas Corpus this Court WAS Bias and Very_
   _Prejuiced Against the Petitioner._

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_I did!_

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _I only Have this I.Q to Show I've done what I can in this 2254 and in my Writ of Habeas Corpus - 75/77 IQ. Please see My TDC. Medical File._

**GROUND FOUR:** _The State Attorney's and Attorney Caldwell And the State Court were Bias and Prejuice "One of these Men Said - We Have_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Saved the State Money"! The only Real Counsel in this Proceeding was Attorney Crespin Michaell Linton; He Seen it All in Person and in Court at the Motion for New Trial. He Even told the Judge of the 461st Dis. Court. How about the Ineffective Assistance on Mr Caldwell I asked About in this Motion for New Trial. The Court Stated thats enough!_

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _I Did See Exhibits 1 to 9_

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Habeas Corpus_

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: *461st Court of BRAZORIA County, Tx AND Court of Criminal Appeals iN Austin Tx*

Docket or case number (if you know): *NO-01-22-00732-CR*

Date of the court's decision: *MArch 7, 2023  Denied Writ*

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?               ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *Appeal Court iN Houston First Court of Appeal.*

Docket or case number (if you know): *Same Has Above*

Date of the court's decision: *Same Has Above*

Result (attach a copy of the court's opinion or order, if available): *Same has Above  see Exhibits 1 to 9*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*I Did!*

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: *Appeal, Habeas Corpus And All Exhibits 1 to 9 Also Motion For New Trial.*

AO 241 (Rev. 09/17)

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☑ Yes       ☐  No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: _____

_____

_____

_____

(b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?       ☐    Yes    ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?       ☐    Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised. _____

_____

_____

_____

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the
judgment you are challenging:

(a) At preliminary hearing: John Clayton Caldwell

(b) At arraignment and plea: yes

(c) At trial: yes

(d) At sentencing: yes

(e) On appeal: MR CRespin Michael Linton

(f) In any post-conviction proceeding: Motion For New Trial

(g) On appeal from any ruling against you in a post-conviction proceeding: Appeal and
WRit of Habeas Corpus

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are
challenging?      ☐ Yes      ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

None
//

(b) Give the date the other sentence was imposed: //

(c) Give the length of the other sentence: //

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
future?      ☐ Yes      ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

None
//
//
//
//

AO 241 (Rev. 09/17)

NoNe

_____
_____ //_____
_____ //_____
_____ //_____
_____ //_____
_____ //_____
_____ //_____
_____ //_____
_____ //_____
_____ //_____
_____ //_____
_____ //_____
_____ //_____
_____ //_____
_____ //_____
_____ //_____
_____ //_____
_____ //_____
_____ //_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(I)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:  *To Find Me Innocent of this Charge OR New Trial*

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  *12-11-23*  (month, date, year).

Executed (signed) on  *12-11-23*  (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____

CONTINUE of Ground of

ERROR Number ONE (1) of

The INeffective ASSistANce
of CouNseL by Caldwell

ANd the Judge of the 461st District
Court went Along with it, ANd then Let
me Appeal this 20yr Agg. SeNteNce ANd
The Judge Appointed AttorNey Crespin
MichAel LintoN: As my AttorNey. ANd
the Court let me Appeal See: Exhibit I.

AttorNey Linton Filed My Appeal ANd
He filed My Motion for New TriAL: ANd
DuriNg this Motion for New TriAL I do
belive thAt MR Linton SeeN A picture
of this Old BrokeN Down Coke MAchine
"He picked it up- ANd As passing the tAble
Caldwell And the State AttorNey were Sit
tiNg Linton threw it oN their Table.

I

This proved; There was a picture of this Coke Machine But it was Never Shown to the Jury that Found me Guilty

The State Asked this Young Girl didn't this Machine have Cokes in it? Yes Said the Girl, Didn't have water- Yes Said the young Girl; And Didn't it have the State Attorney had this Young Girl to Lie By his questions.

Also Linton Seen that Caldwell had No Witnesses At All for Petitioner But See All the Statements these Good People Sent in to Attorney Caldwell; Exhibit 3 Ms. Orizela Paz; Exhibit 4 JoAnn Towdon; Exhibit 5 Annulfo Paz Torres; Exhibit 6, Sergio Paz And Linton Seen that Caldwell Did NOT Even Ask Questions from the

State Witnesses! And Did NOT even put on the Stand to be A Witness for Victor Vela, Vela herein States that Not ONCE did Caldwell get out of his Chair, Oh Just to Stand up to the Judge When the Judge Asked Caldwell do you wish to Cross; Caldwell push up out of this Chair he was in, And "PASS Your Honor." Caldwell made NO Investigation whatso ever, Did not even try to get Pictures of this Old Coke Machine with CobWebs All over it, Mud all on it; He Caldwell done Nothing. The ONly thing He done Caldwell — When he helped the Judge to understand when: Me with An I.Q. of 75-77.): Signed "All thes Copout papers. Caldwell stood on the

(3)

Stand And told the Judge, Oh NO
Sir Judge He (Vela) Signed off on
that one (1) line And that took CARe
of NO Appeal, NO Nothing. that Covers
it All; (See Exhibit 2-A) " ON page 3 " "And"
        Yes Judge.. I don't think
      there were Necessarily Any
      PReTRiAL issues that we
      took up. But [Appellant's]
      WAiver of Appeal would
      be good for the Entire
      tRiAL. PReTRiAL, tRiAL, And
      Punishment All included:
The Court: All Right And thats your
      understanding; [Appellant's Counsel]?
Caldwell   Yes.

      FedeRAL Judge Sir; They Ganged
up on A peRson with An I.Q. of 75-77!

Gla

And A hearing At the very Small truth Will come out; And that is that John Clayton Caldwell WAS Not with Texas OR the Supere Court When they All Agreed to Strickland V Washington!

Respectfully yours

X Victor Vela
VICTOR Vela

Excuted on this day
December 11, 2023

X Victor Vela
VICTOR Vela.

TDCJ-ID # 02411314

(5)

**CRESPIN MICHAEL LINTON**

Exhibit I

ATTORNEY AT LAW
THE LYRIC CENTRE
440 LOUISIANA
SUITE 900
HOUSTON, TEXAS 77002

OFFICE
PHONE: (713) 236-1319
FAX: (713) 236-1242
crespin@hal-pc.org

March 16, 2023

Mr. Victor Vela
Texas Department of Criminal Justice
TDCJID# 02411314
Holliday Unit
295 IH-45 North
Huntsville, Texas 77320-8443

Re: Vela v. State

Dear Mr. Vela,

The First District Court of Appeals has dismissed your appeal because you waived your appeal in exchange for the 20-year sentence. I enclose the Court's Memorandum Opinion. I also enclose my response to reinstate the appeal, but the Court denied this request in an enclosed one-page opinion dated March 7, 2023. Because the appeal is dismissed for lack of jurisdiction, my representation of you for the appeal has ended. I wish you luck in the future. Thank you for your attention.

Very truly yours,

Crespin Michael Linton

ACCEPTED
01-22-00732-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
2/18/2023 4:53 PM
DEBORAH M. YOUNG
CLERK PRO TEMPORE

*Exhibit I - A*

## NO. 01-22-00732-CR

### IN THE COURT OF APPEALS
### FOR THE FIRST SUPREME JUDICIAL DISTRICT
### OF TEXAS AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
2/21/2023 12:00:00 AM
DEBORAH M. YOUNG
Clerk Pro Tempore

---

### VICTOR VELA
### APPELLANT

### VS.

### THE STATE OF TEXAS
### APPELLEE

---

*2 4*

### APPELLANT'S MOTION FOR REINSTATEMENT OF APPEAL

Crespin Michael Linton
440 Louisiana, Suite 900
Houston, Texas 77002
Texas Bar No. 12392850
(713) 236-1319
(713) 236-1242 (Fax)
crespin@hal-pc.org

## APPELLANT'S MOTION TO WITHDRAW APPEAL

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now Victor Vela, Appellant, and files this motion for reinstatement of appeal, and in support of this motion, Appellant shows the court the following:

1.

Appellant acknowledges that on August 18, 2022 the trial court signed the Trial Court's Certification Of Defendant's Right Of Appeal in which he checked the box that the Appellant had waived the right of appeal. (Exhibit A) However, Appellant contends that the trial court granted him the right to appeal to address the issue of ineffective assistance of counsel as provided in Rule 25(a)(B) of the Texas Rules of Appellate Procedure as shown in Exhibits B through H.

2.

In Exhibit B, Appellant's trial counsel filed a motion for new trial and motion in arrest of judgment on September 2, 2022. Then the trial court appointed an attorney named Dallas Craig Hughes to represent Appellant in the new trial and appeal on September 2, 2022 (Exhibit C) When Mr. Hughes was unable to represent Appellant, the trial court appointed Perry R. Stevens to represent Appellant on appeal on September 12, 2022. (Exhibit D) When Mr. Stevens was unable to represent Appellant, the trial court appointed Crespin Michael Linton on September 14, 2022 to represent Appellant on appeal. (Exhibit E)

3.

The trial court signed the Reset Request on September 19, 2022 for a hearing on the motion for new trial. (Exhibit F) On September 30, 2022, Appellant filed an amended motion for new trial in which he asserted that he had been denied effective assistance of counsel. (Exhibit G) Lastly, the trial court signed the Order denying Appellant's motion for new trial after a contesting hearing on October 7, 2022. (Exhibit H)

4.

Appellant contends that Exhibits B through H show that the trial court granted him the right to appeal the agreed 20-year sentence despite the signed waiver by appointing an attorney to represent him on appeal and for the contested hearing on the motion for new trial which addressed Appellant's ineffective assistance of counsel claim. In addition, Appellant contends that he can't waive his right to address the issue of ineffective assistance of counsel.

Wherefore, Appellant prays the court grants his request to reinstate his appeal in Case No. 01-22-00732-CR.

Respectfully submitted,

Crespin Michael Linton
440 Louisiana, Suite 900
Houston, Texas 77002
Texas Bar No. 12392850
(713) 236-1319
(713) 236-1242 (Fax)
crespin@hal-pc.org

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this the 18th day of February 2023, a true and correct copy of the Appellant's Motion For Reinstatement Of Appeal was delivered to the Assistant District Attorney of Harris County, Texas by email at kylej@brazoria-county.com.

_/s/ Crespin Michael Linton_
Crespin Michael Linton

## **ORDER**

On this the _____ day of _____, 2023, came to be heard Appellant's Motion To Reinstate Appeal, and it appears to the Court that this motion should be:

GRANTED                                    DENIED


_____
JUDGE PRESIDING



"A"

PENGAD-Bayonne, N. J.

No. 92719-CR

| | | | |
|---|---|---|---|
| THE STATE OF TEXAS | FILED At____o'clock____M. | § § | IN THE 461ST DISTRICT COURT |
| VS. | AUG 18 2022 | § § | OF |
| Victor Vela Defendant | Donna Starkey Clerk of District Court Brazoria Co. Texas BY________DEPUTY | § | BRAZORIA COUNTY, TEXAS |

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I certify that this criminal case:

☐ is not a plea-bargain case, and the defendant has the right of appeal;

☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal;

☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal;

☐ is a plea-bargain case, and the defendant has NO right to appeal;

☑ the defendant has waived the right of appeal.

[signature]
Judge

8/18/2022
Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals' judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. TEX. R. APP. P. 68.2, 68.3. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

Victor Vela
Defendant

Mailing address: None

Telephone Number: None

Email address (if any): ________

[signature]
Defendant's Counsel
State Bar of Texas ID number: 24095599
Mailing address: 1506 E. Broadway #203
Pearland, Tx. 77581
Telephone Number: 281 219 2111

Email Address: ________

* *See* TEX. R. APP. P. 25.2(a)(2).

Filed for Record
9/2/2022 11:04 AM
Donna Starkey, District Clerk
Brazoria County, Texas
92719-CR
Kimber Kassler, Deputy

**NO. 92719-CR**

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 461st JUDICIAL DISTRICT |
| | § | |
| VICTOR VELA | § | BRAZORIA COUNTY, TEXAS |

<u>**MOTION FOR NEW TRIAL AND MOTION IN ARREST OF JUDGMENT**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Victor Vela, the Defendant in the above styled and numbered cause, and files this Motion for New Trial and Motion in Arrest of Judgment pursuant to Rules 21 and 22 of the Texas Rules of Appellate Procedure, and in support thereof would show this court the following:

1.      The Defendant was sentenced on August 18, 2022. This Motion, filed within the thirty-day timetable, is therefore timely. A hearing must be commenced before the 75th day after the sentence, which is November 1, 2022, or this motion is overruled by operation of law.

2.      The verdict in this cause is contrary to the law and the evidence. See Tex. R. App. P. 21.3.

3.      The trial court has the discretion to grant a new trial in the interests of justice, as the Court of Criminal Appeals has emphasized:

For more than one hundred and twenty years, our trial judges have had the discretion to grant new trials in the interest of justice. In <u>Mullins v. State,</u> 37 Tex. 337, 339-340 (1872-73), the Supreme Court, which at that time had criminal jurisdiction, held:

. . . The discretion of the District Court, in granting new trials, is almost the only protection to the citizen against the illegal or oppressive verdicts of prejudiced,

careless, or ignorant juries, and we think the District Court should never hesitate to use that discretion whenever the ends of justice have not been attained by those verdicts.

State v. Gonzalez, 855 S.W.2d 692 (Tex. Crim. App. 1993).

4.     For the foregoing reasons, and for such other reasons that may arise on the hearing of this Motion, Defendant requests a new trial.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that the Court set aside the judgment of conviction entered in this cause and order a new trial on the merits.

Respectfully submitted,

Law Office of John C. Caldwell
1506 E. Broadway, Suite 205
Pearland, Texas 77581
281-248-2111
281-305-2619 fax

By: _/S/ Clay Caldwell_____
John C. Caldwell
State Bar No. 24045599
clay@claycaldwell.law
Attorney for Victor Vela

## CERTIFICATE OF SERVICE

This is to certify that on September 2, 2022, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Brazoria County, by electronic service through the Electronic Filing Manager.

_/S/  Clay Caldwell_____
John C. Caldwell

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Caldwell on behalf of John Caldwell
Bar No. 24045599
clay@claycaldwell.law
Envelope ID: 67921674
Status as of 9/2/2022 11:32 AM CST
Associated Case Party: Victor Vela

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Clayton Caldwell | 24045599 | clay@claycaldwell.law | 9/2/2022 11:04:15 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Caldwell on behalf of John Caldwell
Bar No. 24045599
clay@claycaldwell.law
Envelope ID: 67921674
Status as of 9/2/2022 11:32 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Thomas J. Selleck | 18010500 | Bcdaeservice@brazoria-county.com | 9/2/2022 11:04:15 AM | SENT |

C

## TEXAS FAIR DEFENSE ACT ROTATIONAL APPOINTMENT SYSTEM
## FOR BRAZORIA COUNTY, TEXAS

**Iris Huerta, Indigent Defense Coordinator**
**111 E. Locust, Room 106, Angleton, TX 77515**
**979-864-1683 (ofc); 979-864-1052 (fax)**
**IrisH@brazoria-county.com**

FILED
At 10:38 o'clock A.M.
SEP 06 2022
Donna Starkey
Clerk of District Court Brazoria Co. Texas
BY _____ DEPUTY

appellate
atty. apptd
@ cts request

## NOTICE OF APPOINTMENT AND CONFIRMATION

| ATTORNEY INFORMATION: | DATE OF APPOINTMENT: 9/2/2022 |
|---|---|
| **Name:** DALLAS CRAIG HUGHES | **Phone:** 713-535-0683 |
| **Address:** LAW OFFICES OF D CRAIG HUGHES 7324 SOUTHWEST FWY SUITE 1466 HOUSTON TX 77074 | **Fax:** 713-510-1856 |

In accordance with the Local Rules of Administration implementing the Texas Fair Defense Act for Brazoria County, Texas ("BCTFDA"), the defendant has been appointed the attorney named above.

**NOTE:** If a Defendant receives an appointed attorney and makes bond, it is important that the defendant: (1) keep all appointments with the attorney; (2) attend all court settings on time; and (3) notify the attorney or the attorney's office of any changes in residence, telephone numbers, or employment within twenty-four (24) hours of such change.

The appointed attorney is required to provide the Court with written confirmation that the attorney made reasonable efforts to contact the defendant no later than the end of the first working day after notification of appointment is received and that the attorney personally interviewed the defendant no later than fifteen (15) days after receiving Notice of Appointment. The confirmation must be filed with the Indigent Defense Coordinator no later than three (3) days before the first court appearance for this case. If you have any questions, you may contact the Indigent Defense Coordinator.

### HEARING INFORMATION

| Date | Time | Description |
|---|---|---|
| 09/09/2022 | 9:00 AM | Hearing: Motion for New Trial; Motion to Withdraw |

### DEFENDANT INFORMATION:

| Name: VICTOR VELA | Cause No: 92719-CR |
|---|---|
| **Address:** 379 CR 472 SWEENY, TX 77422 | |
| **Phone:** 979-248-5387-wife: Karen, 979-418-2198 | **Court:** 461st District Court |
| **Case Information:** AGGRAVATED SEXUAL ASSAULT OF A CHILD; F1 --APPEAL-- | |
| **Defendant is in jail:** YES **Refiled:** TRUE | |

### ACKNOWLEDGMENT:

☐ I made reasonable efforts to contact defendant before the end of the first business day.
☐ I interviewed the defendant no later than fifteen (15) days after date of my appointment.

_____              _____
**Attorney Signature**                              **Date**

**Iris Huerta**

| | |
|---|---|
| **From:** | Iris Huerta |
| **Sent:** | Friday, September 2, 2022 4:14 PM |
| **To:** | CRAIG HUGHES |
| **Subject:** | NOTICE OF APPT: VICTOR VELA  --APPEAL-- |
| **Attachments:** | Document in Unnamed.doc |
| | |
| **Importance:** | High |

Mr. Hughes,

Judge Bulanek asked me to appoint an attorney to this defendant's appeal. He said he was allowing Mr. Caldwell to withdraw. I noticed there's a hearing date to address the motion for new trial and motion to withdraw. I don't expect you need to be there, but just mention it since it pulled over onto this notice.

Thank you,

Iris Huerta
Indigent Defense Coordinator
Verification Office
979.864.1683 —ofc
979-864-1052 —fax
111 E Locust, Ste 106, Angleton, TX 77515



# TEXAS FAIR DEFENSE ACT ROTATIONAL APPOINTMENT SYSTEM FOR BRAZORIA COUNTY, TEXAS

FILED FOR RECORD

2022 SEP 14 AM 9:58

**Iris Huerta, Indigent Defense Coordinator**
**111 E. Locust, Room 106, Angleton, TX 77515**
**979-864-1683 (ofc); 979-864-1052 (fax)**
**IrisH@brazoria-county.com**


DISTRICT COURT
BRAZORIA COUNTY, TEXAS

## NOTICE OF APPOINTMENT AND CONFIRMATION

| ATTORNEY INFORMATION: | DATE OF APPOINTMENT: 9/12/2022 |
|---|---|
| **Name:** PERRY R. STEVENS<br><br>**Address:** ATTORNEY AT LAW<br>PO BOX 17<br>ANGLETON TX 77516 | **Phone:** 979-848-1111<br><br>**Fax:** 979-849-9398 |

In accordance with the Local Rules of Administration Implementing the Texas Fair Defense Act for Brazoria County, Texas ("BCTFDA"), the defendant has been appointed the attorney named above.

**NOTE:** If a Defendant receives an appointed attorney and makes bond, it is important that the defendant: (1) keep all appointments with the attorney; (2) attend all court settings on time; and (3) notify the attorney or the attorney's office of any changes in residence, telephone numbers, or employment within twenty-four (24) hours of such change.

The appointed attorney is required to provide the Court with written confirmation that the attorney made reasonable efforts to contact the defendant no later than the end of the first working day after notification of appointment is received and that the attorney personally interviewed the defendant no later than fifteen (15) days after receiving Notice of Appointment. The confirmation must be filed with the Indigent Defense Coordinator no later than three (3) days before the first court appearance for this case. If you have any questions, you may contact the Indigent Defense Coordinator.

## HEARING INFORMATION

| Date | Time | Description |
|---|---|---|
| 09/19/2022 | 9:00 AM | Motion for New Trial |

## DEFENDANT INFORMATION:

| | |
|---|---|
| **Name:** VICTOR VELA<br>**Address:** 379 CR 472<br>SWEENY, TX 77422<br>**Phone:** 979-248-5387 wife xKaren, 979-418-2198 | **Cause No: 92719-CR**<br><br>**Court:** 461st District Court |
| **Case Information:** AGGRAVATED SEXUAL ASSAULT OF A CHILD; F1 --APPEAL-- | |
| **Defendant Is In Jail:** YES   **Refiled:** TRUE | |

## ACKNOWLEDGMENT:

☐ I made reasonable efforts to contact defendant before the end of the first business day.
☐ I interviewed the defendant no later than fifteen (15) days after date of my appointment.

_____          _____
**Attorney Signature**                          Date

**Iris Huerta**

| | |
|---|---|
| **From:** | Iris Huerta |
| **Sent:** | Monday, September 12, 2022 5:27 PM |
| **To:** | PERRY STEVENS |
| **Subject:** | NOTICE OF APPT: VICTOR VELA --APPEAL-- |
| **Attachments:** | Document in Unnamed.doc |
| | |
| **Importance:** | High |

Thank you,


Iris Huerta
Indigent Defense Coordinator
Verification Office
979.864.1683 --ofc
979-864-1052 --fax
111 E Locust, Ste 106, Angleton, TX 77515





# TEXAS FAIR DEFENSE ACT ROTATIONAL APPOINTMENT SYSTEM
## FOR BRAZORIA COUNTY, TEXAS
**Iris Huerta, Indigent Defense Coordinator**
**111 E. Locust, Room 106, Angleton, TX 77515**
**979-864-1683 (ofc); 979-864-1052 (fax)**
**IrisH@brazoria-county.com**



FILED
At 10:57 o'clock A.M.
SEP 15 2022
Donna Starkey
Clerk of District Court Brazoria Co., Texas
BY_____ DEPUTY

*Replaced 2nd Appellate atty. per Jdg PB (atty.- unavailable on 9/19)*

## NOTICE OF APPOINTMENT AND CONFIRMATION

| ATTORNEY INFORMATION: | DATE OF APPOINTMENT: 9/14/2022 |
|---|---|
| Name: CRESPIN MICHAEL LINTON | Phone: 713-236-1319 |
| Address: ATTORNEY AT LAW<br>440 LOUISIANA SUITE 900<br>HOUSTON TX 77002 | Fax:   713-236-1242 |

In accordance with the Local Rules of Administration implementing the Texas Fair Defense Act for Brazoria County, Texas ("BCTFDA"), the defendant has been appointed the attorney named above.

**NOTE:** If a Defendant receives an appointed attorney and makes bond, it is important that the defendant: (1) keep all appointments with the attorney; (2) attend all court settings on time; and (3) notify the attorney or the attorney's office of any changes in residence, telephone numbers, or employment within twenty-four (24) hours of such change.

The appointed attorney is required to provide the Court with written confirmation that the attorney made reasonable efforts to contact the defendant no later than the end of the first working day after notification of appointment is received and that the attorney personally interviewed the defendant no later than fifteen (15) days after receiving Notice of Appointment. The confirmation must be filed with the Indigent Defense Coordinator no later than three (3) days before the first court appearance for this case. If you have any questions, you may contact the Indigent Defense Coordinator.

## HEARING INFORMATION

| Date | Time | Description |
|---|---|---|
| 09/19/2022 | 9:00 AM | Motion for New Trial |

## DEFENDANT INFORMATION:

| Name: VICTOR VELA | Cause No: 92719-CR |
|---|---|
| Address: 379 CR 472<br>SWEENY, TX 77422<br>Phone: 979-248-5387 gfriend, 979-418-2198 | Court: 461st District Court |
| Case Information:    AGGRAVATED SEXUAL ASSAULT OF A CHILD; F1—APPEAL— | |
| Defendant is in jail:    YES   Refiled:   TRUE | |

## ACKNOWLEDGMENT:

☐ I made reasonable efforts to contact defendant before the end of the first business day.
☐ I interviewed the defendant no later than fifteen (15) days after date of my appointment.

_____          _____
Attorney Signature                                      Date

**Iris Huerta**

| | |
|---|---|
| **From:** | Iris Huerta |
| **Sent:** | Wednesday, September 14, 2022 3:40 PM |
| **To:** | CRESPIN LINTON |
| **Subject:** | NOTICE OF APPT: VICTOR VELA --APPEAL-- |
| **Attachments:** | Document in Unnamed.doc |

**Importance:** High

Thank you,

Iris Huerta
Indigent Defense Coordinator
Verification Office
979.864.1683 –ofc
979-864-1052 –fax
111 E Locust, Ste 106, Angleton, TX 77515



STATE REQ.                    AGREED                    DEFENSE REQ.

[F]  PISGD-layouts_R1

CAUSE NO. ___92719 CR___

THE STATE OF TEXAS          §          IN THE _461 st_ DISTRICT COURT

VS.                         §          OF

_Victor Vela_               §          BRAZORIA COUNTY, TEXAS

**FILED**
At_____o'clock_____M.
**SEP 19 2022**
Donna Starkey
Clerk of District Court Brazoria Co., Texas
BY_____DEPUTY

## RESET REQUEST

The undersigned request that this case be reset as follows:

MTN New trial

Pretrial Setting # _____ to __10-7-22__ (at 9:00 AM) / 1:00 PM

Announcement to _____ at 9:00 AM

Trial Setting # _____ to _____ at 9:00 AM

Plea Setting # _____ to _____ at 9:00 AM / 1:00 PM

MRP/MTAG Setting # _____ to _____ at 9:00 AM / 1:00 PM

Reason for request for reset: _____

_____          _____
Attorney for the State              Attorney for the Defendant

                                    _____
                                    In Custody
                                    Defendant

## ORDER

The above reset request is approved by the Court this _19th_ day of _September_

20_22_ and the defendant is hereby ordered to appear as stated in the above request.

_____
JUDGE PRESIDING

Filed for Record
9/30/2022 1:55 PM
Donna Starkey, District Clerk
Brazoria County, Texas
92719-CR
Kimber Kassler, Deputy



# No. 92719-CR

| | | |
|---|---|---|
| **The State of Texas** | § | **In the District Court Of** |
| | § | |
| **VS.** | § | **Brazoria County, Texas** |
| | § | |
| **Victor Vela** | § | **461st Judicial District** |

## DEFENDANT'S AMENDED MOTION FOR NEW TRIAL

COMES NOW, Defendant, Victor Vela, and moves this court to set aside the jury's verdict of guilty and his sentencing and to grant a new trial in this case, and in support of this motion shows the Court the following:

**1.**

On August 18, 2022, a jury found Defendant guilty of Aggravated Sexual Assault of a Child. On August 18, 2022, the Defendant accepted a plea of 20 years. The trial court signed the Judgment of Conviction by Jury on August 25, 2022.

**2.**

Defendant contends that the trial court should grant a new trial because the jury verdict is not supported by proof beyond a reasonable doubt.

**3.**

Defendant was denied effective assistance of counsel at the guilt-innocence stage when her counsel failed to elicit testimony from his girlfriend Karen Moss that Defendant did not bribe the victim to his residence with food and drink from a coke machine, had a satisfactory sex life with Ms. Moss, and that he also possessed no sexual interest in young girls.

**WHEREFORE**, Defendant prays that this Court set this Motion For New Trial for hearing, and after the hearing, that this motion be granted and the Defendant be given a new trial in this case.

Respectfully Submitted:


/s/ Crespin Michael Linton
CRESPIN MICHAEL LINTON
440 Louisiana, Suite 900
Houston, Texas  77002
(713) 236-1319
(713) 236-1242 (FAX)
crespin@hal-pc.org
Texas Bar No. 12392850
Attorney for Defendant


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Defendant's Amended Motion For New Trial was served upon the following attorneys in accordance with the Texas Rules of Civil Procedure, via U.S. Mail, postage prepaid, Certified Mail, Return Receipt Requested, Hand Delivery, or by Facsimile on this the 30th day of September 2022.


Mr. William Reed
Brazoria County District Attorney's Office
111 E. Locust, 4th Floor
Angleton, Texas 77515
williamr@brazoria-county.com


/s/ Crespin Michael Linton
CRESPIN MICHAEL LINTON
440 Louisiana, Suite 900
Houston, Texas 77002
(713) 236-1319
(713) 236-1242 (FAX)
crespin@hal-pc.org
Texas Bar No. 12392850
Attorney for Defendant

2

THE STATE OF TEXAS    §
                      §
COUNTY OF BRAZORIA    §

BEFORE ME, the undersigned authority, on this day personally appeared CRESPIN MICHAEL LINTON, known to me to be the person who, being duly sworn on his oath deposed and said as follows:

My name is Crespin Michael Linton. I am competent to make this affidavit. I am an attorney licensed to practice law in Texas, and counsel of record for Victor Vela in connection with his motion for new trial. I have read the foregoing amended motion for new trial. I have spoken with Mr. Vela's trial counsel about this trial. The facts stated in this amended motion for new trial, and of which I have personal knowledge and are true and correct.

SIGNED on this 30TH day of September, 2022.

_____
CRESPIN MICHAEL LINTON

SUBSCRIBED AND SWORN TO before me by the said CRESPIN MICHAEL LINTON, on this the 30th day of September, 2022.

_____
NOTARY PUBLIC, STATE OF TEXAS

CHRISTINE ROSETTA THRASH
My Notary ID # 12078860
Expires January 31, 2022

3

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Crespin Linton
Bar No. 12392850
crespin@hal-pc.org
Envelope ID: 68788780
Status as of 9/30/2022 2:00 PM CST
Associated Case Party: Victor Vela

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| John Clayton Caldwell | 24045599 | clay@claycaldwell.law | 9/30/2022 1:55:00 PM | SENT |
| Crespin Michael Linton | | crespin@hal-pc.org | 9/30/2022 1:55:00 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Crespin Linton
Bar No. 12392850
crespin@hal-pc.org
Envelope ID: 68788780
Status as of 9/30/2022 2:00 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Thomas J. Selleck | 18010500 | Bcdaeservice@brazoria-county.com | 9/30/2022 1:55:00 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Crespin Linton
Bar No. 12392850
crespin@hal-pc.org
Envelope ID: 68788780
Status as of 9/30/2022 2:00 PM CST
Associated Case Party: The State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William Reed | | williamr@brazoria-county.com | 9/30/2022 1:55:00 PM | SENT |

FILED
At_____o'clock_____M.

OCT 1 0 2022

Donna Sterkey
Clerk of District Court Brazoria Co., Texas
BY_____DEPUTY

Filed for Record
9/2/2022 11:04 AM
Donna Sterkey, District Clerk
Brazoria County, Texas
92719-CR
Kimber Kassler, Deputy

NO. 92719-CR

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 461st JUDICIAL DISTRICT |
| | § | |
| VICTOR VELA | § | BRAZORIA COUNTY, TEXAS |

## ORDER

On September 2, 2022 the Court heard the Motion of Victor Vela for New Trial.

The Court finds that the Motion should be and is hereby: _denied_.

Signed on _10/10/2022_.

_____
JUDGE PRESIDING

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Crespin Linton
Bar No. 12392850
crespin@hal-pc.org
Envelope ID: 72901573
Status as of 2/21/2023 8:09 AM CST

Associated Case Party: State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kyle Jones | | kylej@brazoria-county.com | 2/18/2023 4:53:43 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Crespin Michael Linton | | crespin@hal-pc.org | 2/18/2023 4:53:43 PM | SENT |

*Exhibit 2A*

Opinion issued February 9, 2023



In The

# Court of Appeals

### For The

# First District of Texas

---

## NO. 01-22-00732-CR

---

### VICTOR VELA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 461st District Court
### Brazoria County, Texas
### Trial Court Case No. 92719-CR

---

## MEMORANDUM OPINION

A jury found appellant, Victor Vela, guilty of the felony offense of aggravated

sexual assault of a child.[1]  The trial court, pursuant to appellant's post-verdict

---

[1]     *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (2)(B), (e).

agreement with the State, assessed appellant's punishment at confinement for twenty years. Appellant timely filed a notice of appeal.

We dismiss the appeal for lack of jurisdiction.

Here, a Brazoria County grand jury returned a true bill of indictment, alleging that on September 11, 2020, appellant "intentionally or knowingly cause[d] the sexual organ of [the complainant], a child younger than fourteen . . . years of age and not [appellant's] spouse, to contact the mouth of [appellant]." *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (2)(B). Appellant pleaded not guilty and proceeded to a jury trial. After the jury found appellant guilty of the felony offense of aggravated sexual assault of a child, but before the punishment phase of trial began, appellant, on the record, notified the trial court that he had reached an agreement with the State as to punishment.

| | |
|---|---|
| The Court: | It's my understanding the State and the defense and yourself have come to an agreement. My understanding of the agreement is the State is offering 20 years in the Texas Department of Criminal Justice. Let me go back. |
| | The range of punishment for this case after finding you guilty is not less than 5 years, not more than 99 years or life and a fine not to exceed $10,000. Did you understand that full range of punishment? |
| [Appellant]: | Yes, sir. |

2

| | |
|---|---|
| The Court: | And as part of this plea agreement the State is offering 20 years with jail credit of 450 days, waive all appeals as to guilt and innocence phase of the trial and punishment phase of the trial. |
| | Is that the State's recommendation? |
| [State]: | Yes, Your Honor. And . . . [appellant] needs to also waive any pretrial or any appellate matters, any appellate issues as well. . . . |
| [Appellant's counsel]: | And, yes, Judge. . . . I don't think there were necessarily any pretrial issues that we took up. But [appellant's] waiver of appeal would be good for the entire trial. Pretrial, trial, and punishment all included. |
| The Court: | All right. And that's your understanding, [appellant's counsel]? |
| [Appellant's counsel]: | Yes. And additionally it's my understanding there is no fine imposed. |
| The Court: | And, [appellant], is that your understanding of the agreement? |
| [Appellant]: | Yes, sir. |

The trial court then sentenced appellant in accordance with his post-verdict agreement with the State.

Appellant also signed a "Sex Crimes Plea Agreement" reflecting his punishment agreement with the State, namely that his punishment would be assessed

at twenty years' confinement, appellant would receive 450 days "jail time credit," and appellant "waive[d] all appeals." By signing the agreement, appellant affirmed that he "underst[ood] the terms of the plea agreement," he "accept[ed] the plea agreement," and he "request[ed] the [trial] court to accept it." Appellant's counsel also signed the "Sex Crimes Plea Agreement," affirming that he believed that appellant understood the plea agreement and counsel joined appellant's request that the trial court accept the agreement.

The trial court's judgment of conviction stated that an agreement had been reached between the State and appellant as to punishment, and pursuant to appellant's post-verdict agreement with the State, the trial court assessed appellant's punishment at confinement for twenty years. And the trial court signed a "Certification of Defendant's Right of Appeal," which is included in the record on appeal, stating that appellant had waived his right to appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). Appellant also signed the certification. *See id.* The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Although a defendant has a statutory right to appeal his conviction, a defendant may waive his right to appeal in all but capital cases. *Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018). A valid waiver of appeal—one made voluntarily, knowingly, and intelligently—prevents a defendant from appealing

4

without the trial court's permission. *See id.*; *Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009); *see also Williams v. State*, No. 01-19-00293-CR, 2019 WL 4677361, at *1 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, no pet.) (mem. op., not designated for publication). When a defendant waives his right to appeal in exchange for consideration from the State, a defendant's waiver is made knowingly, intelligently, and voluntarily, and he is prevented from appealing any matters unless the trial court first grants permission. *See Ex parte Broadway*, 301 S.W.3d at 697–99; *Bruner v. State*, No. 01-18-00635-CR, 2018 WL 4131088, at *1 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet.) (mem. op., not designated for publication); *see also Guillory v. State*, No. 01-12-00451-CR, 2012 WL 3776999, at *1 (Tex. App.—Houston [1st Dist.] Aug. 30, 2012, no pet.) (mem. op., not designated for publication). An appeal must be dismissed if a certification showing that a defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d); *Dears*, 154 S.W.3d at 613.

Here, the record shows that appellant voluntarily agreed to waive his right to appeal in exchange for a twenty-year sentence recommendation from the State. *Cf. Williams*, 2019 WL 4677361, at *1; *Guillory*, 2012 WL 3776999, at *1. Appellant's waiver covered all matters, and the trial court did not give appellant permission to appeal. *See Bruner*, 2018 WL 4131088, at *2; *Guillory*, 2012 WL 3776999, at *1.

Because appellant has no right of appeal, we must dismiss his appeal. *See*

*Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals,

while having jurisdiction to ascertain whether an appellant . . . is permitted to appeal

by [Texas Rule of Appellate Procedure] 25.2(a)(2), must dismiss a prohibited appeal

without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP.

P. 43.2(f).  We dismiss all pending motions as moot.

### PER CURIAM

Panel consists of Justices Landau, Countiss, and Guerra.

Do not publish.  TEX. R. APP. P. 47.2(b).

*Exhibit 3*

10/12/2021

To whom it may concern,

Victor Vela

I have known Victor for 6 years as a dear neighbor and a helper to my dad. My dad takes him to work, and he always helps us around our house to help clean and mow the yard. I can vouch for him and say that he has been a person of morals and integrity over the time we have known each other. Has always been very respectful to my family and I. We appreciate to have him as a neighbor.

I can further state that Victor has been immensely dedicated to his girlfriend, their pets, work, and a loving person towards friends too.

He has been known to be helpful and charitable and is a much-loved person by all.

For your information, I am a secretary for a local tree service that serves in Brazoria County.

Yours faithfully,

Orizela Paz

Exhibit 4

October 18, 2021

To whom it may concern's

I am writing this in respect of Victor Vela. Victor has been a neighbor of mine for quite a few years and has been a most respectful friend. I am 79 years old and live alone. He has always been here for me when I need anything fixed or cleaned up. Mow my yard or pull weeds. I trust him with anything that I have. I miss waving at him when he passes my house carrying someone else's trash to the dumpster for them. He always stops to talk. Never too busy to stop and give a helping hand. He has always been most respectful to me and my animals. Never rude or bad language, as so many have, just good manners.

Thank you for your time

JoAnn Dowden
781 CR 472
Sidney, Tx 77480
979-248-6197

Exhibit 5

10/18/2021

To whom it may concern,

Victor Vela

Since Victor became our neighbor we became close friends because I see him as a respectable

honest friend. For the past 6 years I have noticed that I can trust him with my property and

family. He is my helper at work whenever I need someone, and he also helps us all the time with

our yard work. We appreciate his neighbourly kind ways. Victor is a good man, and I am proud

to call him a friend.

For your information I am a self-employed carpenter and do house remodelling.

Thanks

Arnulfo Paz

Exhibit c6

10/24/21

To whom this may concern,
Victor is a very respectable and
honest man always willing to
help and never want nothing
in return over the 7 years
I have known Victor I have
learned I can trust him with
anything I need

Sincerly
Sergio Paz

# STATE BAR OF TEXAS

**CLIENT-ATTORNEY**
**ASSISTANCE PROGRAM**

Helpline: 800-932-1900
CAAP@texasbar.com
P.O. Box 12487
Austin, TX 78711-2487
Fax: 512-427-4442

October 27, 2023

Victor Vela
Ramsey Unit
1100 FM 655
Rosharon, TX 77583

RE: John Clayton Caldwell – CAAP File 965161
**Discretionary Grievance Referral – 202306918**

Dear Victor Vela:

As you are aware, the Office of Chief Disciplinary Counsel (CDC) has referred your grievance against the above-referenced attorney to the Client-Attorney Assistance Program (CAAP) as a Discretionary Grievance Referral under Texas Rule of Disciplinary Procedure 2.10. CAAP will provide CDC with the outcome of this referral within the time frame set in the rule. CDC will then determine your Grievance. *CAAP does not determine the Grievance.*

To begin the process, we have written to your attorney, and we are reaching out to you with this letter. It is possible that your attorney may contact you directly in the near future via phone, mail, or email. Please let CAAP know via email to caap@texasbar.com, via fax to 512-427-4442, or by letter to the address listed above if you have met with or spoken to your attorney at any time since the filing of your grievance or if your issues have been resolved.

We hope that the Discretionary Grievance Referral process provides you with the opportunity to have your concerns addressed.

Sincerely,

Client-Attorney Assistance Program Staff

# STATE BAR OF TEXAS





*Office of the Chief Disciplinary Counsel*

October 27, 2023

Victor Vela
Inmate #: 2411314
Ramsey I Unit
1100 FM 655
Rosharon, TX 77583

Re: 202306918 - Victor Vela - John Clayton Caldwell

Dear Victor Vela:

The Office of Chief Disciplinary Counsel of the State Bar of Texas has reviewed the above-referenced Grievance and determined that it is appropriate for referral to the State Bar's Client Attorney Assistance Program ("CAAP"), pursuant to Texas Rule of Disciplinary Procedure 2.10. CAAP is a confidential statewide dispute resolution service of the State Bar of Texas.

The Respondent (lawyer) will be provided a copy of your Grievance and notified of the referral to CAAP. **You and the Respondent will be contacted by CAAP in an attempt to resolve the matter.**

Not later than the 60th day after the Grievance is referred, CAAP will notify the Chief Disciplinary Counsel of the outcome of the referral. The Chief Disciplinary Counsel will thereafter determine whether the Grievance should be dismissed as an Inquiry or proceed as a Complaint. If the Grievance is dismissed, you will have the opportunity to appeal that decision to the Board of Disciplinary Appeals or to amend and re-file your grievance with new or additional information.

**You will be notified in writing of further proceedings in this matter. You do not need to take any action at this time.**

Please know that the Office of Chief Disciplinary Counsel maintains

Sincerely,

L. Marin

LJM/srs

*Exhibit 9*

## POST CONVICTION HABEAS CORPUS

CAUSE NO. **92719-CR-A**

PETITIONER:    Victor Vela, # 02411314

FROM:        CASSANDRA TIGNER, DISTRICT CLERK
             BRAZORIA COUNTY COURTHOUSE
             ANGLETON, TEXAS 77515

JUDGE  PATRICK BULANEK            461ST DISTRICT COURT

ATTORNEY FOR PETITIONER:         ATTORNEY FOR STATE:

Victor Vela, Pro Se              Tom Selleck
Ramsey I Unit  1100 FM 655       Criminal District Attorney
Rosharon, TX  77583              111 East Locust, Suite 408-A
                                 Angleton, Texas 77515

## TABLE OF CONTENTS

COVER ............................................................................................................ 1

WRIT SUMMARY ........................................................................................... 2

TABLE OF CONTENTS ................................................................................... 3

INDICTMENT 05-20-2021 ............................................................................... 5

JUDGMENT 08-24-2022 .................................................................................. 6

NUNC PRO TUNC JUDGMENT 09-14-2022 ................................................. 9

PLEA AGREEMENT 08-18-2022 .................................................................... 12

SUPPLEMENTAL ADMONITIONS TO THE DEFENDANT FOR SEX OFFENDER

REGISTRATION REQUIREMENTS 08-18-2022 ............................................. 13

COURT'S NOTIFICATION TO SEXUAL OFFENDER 08-18-2022 ................. 16

JAIL CREDIT AGREEMENT 08-18-2022 ....................................................... 18

COURT'S NOTICE REGARDING AGREED DISPOSITION OF EVIDENCE

08-18-2022 ........................................................................................................ 19

WRITTEN ADMONITION ON INELIGIBILITY TO POSSESS FIREARM OR

AMMUNITION 08-18-2022 ............................................................................. 20

000003

Exhibit 9A

TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL* 08-18-2022................................................................................ 21

ORDER APPOINTING INTERPRETER 08-18-2022.................................... 22

APPLICATION FOR WRIT OF HABEAS CORPUS 11.07 08-31-2023..................... 23

STATE'S ORIGINAL ANSWER 09-26-2023............................................ 44

PROPOSED ORDER DENYING RELIEF UNDER ARTICLE 11.07, TEXAS CODE OF CRIMINAL PROCEDURE, WITHOUT A HEARING 09-26-2023......................... 50

CORRESPONDENCE FROM THE DEFENDANT 08-31-2023.............................. 52

CORRESPONDENCE SERVING DOCUMENTS TO DISTRICT ATTORNEY 08-31-2023........................................................................ 55

CORRESPONDENCE TO THE DEFENDANT FROM THE DISTRICT CLERK'S OFFICE 08-31-2023................................................................ 56

CORRESPONDENCE FROM THE DEFENDANT 09-21-2023.............................. 57

CORRESPONDENCE SERVING DOCUMENTS TO DISTRICT ATTORNEY 09-25-2023........................................................................ 60

CORRESPONDENCE SERVING DOCUMENTS TO DISTRICT ATTORNEY 09-27-2023........................................................................ 61

CASE SUMMARY 10-17-2023........................................................ 62

DOCKET SHEET.................................................................... 70

CLERK'S CERTIFICATE ............................................................ 75

Galveston Division

Clerks office
U.S. Courthouse / Clerk Lucia Smith
601 - 25th Street
Room 401   Zip: 77550
And OR
601 Rosenberg Street
Room 411

United States Courts
Southern District of Texas
FILED

DEC 18 2023

Nathan Ochsner, Clerk of Court

Galveston, Tx 77550
December 11 2023

Dear Clerk:
Please Find enclosed My Federal
Writ 2254 with the Exhibits of I to 9 Count of
41 pages; Also the extentions of Grounds of Errors
Please file this with the Correct Judge
And please let me Know when it gets there;
Now I Know I Owe the filing Fee; I
think 5°° dollars; But I have to send this by
the Inmate Trust Fund; Please file this; Due
to the ONE (1) year Limit; I Will have to
sent Withdrawal to,        Thank You
Inmate Trust Fund        Victor Vela
for the 5°° five Fee,         #02411314
Please File this in        Ramsey I Unit
the Mean Time        1100 FM 655
Or the Judge, Please        Rosharon, Tex. 77583
give Me A few days        _Victor Vela_
to send this 5°°
Thank You        p I

AO 241 (Rev. 09/17)

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _500_ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and _1_ copies to the Clerk of the United States District Court at this address:

<div align="center">

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

</div>

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION:** You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

Victor Vela #02411314
Ramsey I Unit
1100 F.M. 655
RosharoN, Tex. 77583

Clerk. Lucia Smith
of Galveston Division
U.S. Courthouse
601 -
Galveston, Texas 77

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE CORRECTIONAL
INSTITUTIONS DIVISION